IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| QBE SPECIALTY INSURANCE COMPANY, | ) ) ) | CIVIL NO. 22-00450 SOM/KJM ORDER DENYING MOTION FOR |
| Interpleader-Plaintiff, | ) ) ) | RECONSIDERATION (ECF NO. 233) |
| vs. | ) ) ) | |
| DAVID UCHIYAMA, CHRISTOPHER GOSSERT, PAUL MARINELLI, JEFFERY AU, PHILLIP WEGESHEIDE, DAVID PFLIEGER, PACAP AVIATION FINANCE, LLC, AND MALAMA INVESTMENTS, LLC, | ) ) ) ) ) ) ) | |
| Interpleader-Defendants. | ) ) ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 233)**

**I.      INTRODUCTION.**

This is an interpleader action involving an insurance policy issued by Interpleader-Plaintiff QBE Specialty Insurance Company, Policy No. QPLO192298 (the "Policy").  The Policy covered fees and expenses incurred in connection with a dispute stemming from the bankruptcy of Hawai`i Island Air, Inc.  Facing multiple claims against the Policy that exceeded the Policy amount, QBE sought and was allowed to interplead $5,389,034.11 in insurance proceeds. That amount plus interest remains in the interpleader fund.

After holding a three-day bench trial and receiving and considering post-trial proposed findings of fact and conclusions of law, the court issued an Amended Order allocating the interpleader fund as follows: 1) $3,188,289.84 (plus 59.16 percent of accrued interest) to the "Au Group," consisting of Jeffrey Au, PaCap Aviation Finance, LLC (PAF), and Malama Investments, LLC; (2) $2,076,399.22 (plus 38.53 percent of accrued interest) to Paul Marinelli; (3) $75,115.32 (plus 1.39 percent of accrued interest) to David Uchiyama; and (4) $49,229.73 (plus 0.91 percent of accrued interest) to Christopher Gossert. *See* ECF No. 230 (July 26, 2024). On July 26, 2024, Judgment was entered. *See* ECF No. 231.

On August 23, 2024, Marinelli timely filed a motion for reconsideration pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. *See* ECF No. 233. Marinelli reads post-trial submissions by some of the other parties as advocating for an award to Marinelli higher than the amount allocated by the court. Calling the Au Group's proposed post-trial findings of fact and conclusions of law "new evidence," Marinelli argues that, pursuant to the Au Group's own proposal, the award to the Au Group should be reduced to $2,685,510.49 and the award to Marinelli increased to $2,688,720.36 or to an amount equal to that awarded to the Au

2

Group.  Alternatively, calling Gossert's proposed post-trial findings of fact and conclusions of law "new evidence," Marinelli argues that Marinelli's award should be increased to $2,571,914.61 under Gossert's analysis.

Neither post-trial brief contained "new evidence" justifying reconsideration.  First, Marinelli already had the opportunity to comment on those post-trial briefs, and the court actually considered them in issuing its Amended Order, meaning that they were not "new."  Second, the post-trial briefs with respect to what are reasonable attorneys' fees in this district were argument, not "evidence."

Even if the court considers the post-trial briefs to be "new evidence," they do not justify reconsideration.  In essence, Marinelli argues that this court overly reduced the attorneys' fees billed by out-of-district counsel.  However, those fees so exceeded fees charged by local attorneys that the reduction was necessary and warranted.  Accordingly, Marinelli's motion for reconsideration is denied.

## II.        RECONSIDERATION STANDARD.

"Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60."  Local Rule 60.1.  A successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason

that the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); *Na Mamo O'Aha `Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

A Rule 59(e) motion must be filed within 28 days of the final order or judgment in issue and may only be granted when "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law."  *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quotation marks and citations omitted).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Motions brought under Rule 59(e) and 60(b) are committed to the discretion of the trial court. *See Casey v. Albertson's Inc*, 362 F.3d 1254, 1257 (9th Cir. 2004) ("Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion."); *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (noting that district courts enjoy "considerable discretion" in granting or denying a motion brought under Rule 59(e)); *United States v. Hernandez*, 2012 WL 3600295, *2 (D. Haw. Aug. 20, 2012).

## III.        THE MOTION FOR RECONSIDERATION IS DENIED.

Arguing that post-trial proposed findings of fact and conclusions of law by other parties are "new evidence," Marinelli seeks reconsideration of this court's reduction of his out-of-district counsel's hourly rates as far exceeding

those of attorneys in this district.  Contending that this court erred by reducing those fees to be more in line with those of attorneys in this district, Marinelli asks the court to recalculate the fees using an increased hourly rate.  This court declines to do so.

First, the post-trial proposed findings of fact submitted by the Au Group and Gossert are not "new evidence." This court actually considered those proposed findings and conclusions when it issued its Amended Post-Trial Findings of Fact and Conclusions of Law and Equity, ECF No. 231.  Rather than simply accept the parties' representations about what would be reasonable hourly rates for attorneys, the court actually examined the prevailing rates in this district for guidance as to the reasonableness of the requested rates.  *See* ECF No. 230, ¶ 42, PageID # 4949.

With respect to senior-level attorneys, this court determined that "the rates requested by the Pillsbury and Morrison & Foerster attorneys (Butterfield, Marinuzzi, Rains, and Connelly) are more than two-to-three times the high-end rates deemed reasonable for local counsel with over 40 years of experience, as well as two-to-three times the rates of all other senior-level attorneys in this case."  *Id.*, ¶ 50, PageID # 4953.

With respect to associate-level attorneys, the court determined that

> the rates requested by associate attorneys from Pillsbury and Morrison & Foerster (Radzinschi, Treleaven, Connelly, Russell, Leung, Akuffo, Alfano, Foley, and Rothenberg-Montz) are two-to-four times the rates deemed reasonable in this district for associates with more years of experience than the out-of-district associates in this case, as well as two-to-four times the rates requested by local attorneys in this case with commensurate experience.

*Id.*, ¶ 53 PageID # 4955

Marinelli's reliance on the post-trial proposed findings and conclusions that the court considered but did not adopt is not "new" evidence upon which reconsideration may be based.  At least with respect to the Au Group's post-trial proposal, that proposal echoed the position taken by the Au Group in a pretrial filing.  *See* ECF No. 155, PageID # 3270 (stating that the Au Group was not challenging the reasonableness of the fees Marinelli was claiming).  With respect to all post-trial proposed findings and conclusions, this court studied those proposals before it issued its order and entered the judgment in this case.  *See* 11 Charles Alan Wright et al., Fed. Prac & Proc. Civ. § 2859 (3d ed. 2024) (noting that under Rules 59 and 60, evidence is not "newly

7

discovered" if it was in the possession of a party before judgment was rendered"); 12 James Wm. Moore et al., Moore's Fed. Practice & Procedure ¶ 59.13[2][d] (2020) (stating that Rule 59 motions based on new evidence must be based on evidence discovered after judgment).

In fact, on June 12, 2024, this court invited the parties to comment on the post-trial proposed findings and conclusions, including the proposals in ECF Nos. 199 and 200, which form the bases of Marinelli's reconsideration motion. *See* ECF No. 209.  On June 21, 2024, Marinelli filed his comments with respect to those documents.  *See* ECF No. 215. This court considered those comments and issued its Amended Order on July 26, 2024.  *See* ECF No. 230.  There is no factual basis for arguing that the proposed post-trial findings and conclusions were "new" material not previously available.  *See* 3 Moore's Manual–Fed. Practice & Procedure § 24.82 (Lexis Advance 2020) (stating that Rule 59(e) motions based on new evidence may not be based on "matters already available or known to the party submitting them as new evidence").

Even if the proposed findings and conclusions could be considered "new," this court did not view their statements with respect to the reasonableness of Marinelli's attorneys' fees as "evidence."  Instead, the court viewed the proposed

findings with respect to reasonable attorneys's fees as the parties' arguments, akin to closing arguments that could have been presented at the end of trial.

Even if the proposed findings and conclusions could be considered "evidence," Marinelli's arguments would amount to a mere disagreement with respect to interpretation of that evidence.  Such a disagreement is insufficient to justify reconsideration.  *See Comeaux v. State of Hawaii*, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.") (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *see also Bryant v. Farmer*, 460 F. App'x 644, 645 (9th Cir. 2011) (holding that reconsideration was not warranted when a prisoner simply disagreed with the court's ruling).

Finally, even if the court again considered the statements in the proposed findings and conclusions with respect to the reasonableness of the rates charged by Marinelli's out-of-district counsel, this court would not change its decision, as Marinelli shows no error or manifest injustice.  As determined in the court's Amended Order, Marinelli's fees for his out-of-district counsel were multiple times the rates charged by attorneys in this district with

comparable experience and abilities.  In fact, some of the out-of-district junior associates charged hourly rates in excess of experienced, well-respected partners in this district.

For example, Miranda Russell, an associate at Morrison & Foerster who was admitted to the New York bar in 2021, charged rates ranging from $650 to $765 per hour.  *See* Amended Order ¶ 51, ECF No. 230, PageID # 4954; Marinelli Trial Ex. 1149.  By contrast, Christopher Muzzi, a Hawaii attorney with more than 26 years of experience, charged rates ranging from $380 to $435 per hour.  *See id.* ¶ 44, ECF No. 230, PageID # 4951.

Marinelli's out-of-district senior attorneys charged rates that were multiple times that of similar local counsel. For example, Lorenzo Marinuzzi, a partner at Morrison & Foerster with 27 years of experience, charged rates ranging from $1,300 to $1,850 per hour.  *See id.* ¶ 44, ECF No. 230, PageID # 4951; Marinelli Trial Ex. 1149.

This court examined case law from this district analyzing reasonable attorneys fees in paragraphs 46 to 49 of its Amended Order.  *See* ECF No. 230, PageID #s 4952-53.  That other parties thought Marinelli's attorneys' rates were reasonable despite that case law does not make it so.  The

out-of-district attorneys' fees incurred by Marinelli simply do not reflect the reasonable rates that attorneys with similar experience and abilities charge in this district. Marinelli fails to show any error justifying reconsideration of the Amended Order.

**IV.        CONCLUSION.**

Marinelli's motion for reconsideration, ECF No. 233, is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 23, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*QBE Specialty Ins. Co. v. Uchiyama, et al.*; Civ. No. 22-00450 SOM/KJM; ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 233)

11